FILED
2008 Nov-05  AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **VS.** | ) | **2:01-cr-275-JHH-RRA** |
| **MARIO DWAYNE MURELL.** | ) | |

## CORRECTED
## MEMORANDUM OF OPINION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion (doc. #21), on February 6, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, # 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for movants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the

applicable Guidelines for quantities of crack by two levels, thereby creating a ratio
ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became
effective on November 1, 2007.[1] Then in December 2007, following a period of
public discussion, the U.S.S.C. decided to make the crack amendment retroactive.
The effective date for retroactive application of the crack amendment became
March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the
crack amendment (hereinafter referred to as "the amended policy statement").  As
such, as of March 3, 2008, the crack amendment and amended policy statement
apply to all relevant sentences, old and new. All of this was done pursuant to the
U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (doc. #21)
of Mario Dwayne Murell to modify his term of imprisonment under 18 U.S.C.
§ 3582(c)(2).  The motion seeks the benefit of the crack amendment and the
amended policy statement.

The focus of the § 3582(c)(2) motion is the combined 92 month concurrent
sentence imposed upon movant under Count Three (possession with intent to
distribute in excess of five grams of cocaine base) and under Count One

---

[1]     At this point, the crack amendment had no retroactive application.

2

(possession of a firearm after having been convicted of a felony).  The movant pled guilty to those charges.[2]   At the time the movant was sentenced, he was attributed with an offense involving 11.95 grams of crack cocaine under the Count Three offense.

The following chart sets forth the application of the crack amendment to the instant case taking into consideration the statutory minimum consecutive sentence of 60 months for Count Two:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | **23** | **21** |
| **Criminal HistoryCategory** | **VI** | **VI** |
| **Imprisonment Range** | **92 - 115 months (+ 60 months consecutive under Count Two)** | **77-96 months (+60 months consecutive under Count Two)** |
| **Departure** | **N/A** | |
| **Sentence Imposed** | **92 months (+ 60 months consecutive under Count Two)** | |
| **Projected Release Date** | **4/30/2014** | |

---

[2]  He also pled guilty under Count Two to possessing a firearm in furtherance of the drug trafficking crime charged in Count Three and received a consecutive 60 month sentence for that crime, which was the statutory minimum for that offense.  This consecutive 60 month sentence is not the focus of the motion.

Movant was originally sentenced to the low end of the correctly-computed Guidelines range, 92 months.  In accordance with the amended guideline, the bottom of the range is 77 months and the top of that range is 96 months (which is 4 months higher than the lower end of the original Guidelines range).  U.S.S.G § 1B1.10 (a) provides the authority, including limitations on such authority, for any reduction in the term of imprisonment.  *Application Notes*, under the *Commentary* for U.S.S.G § 1B1.10 set forth the factors for a court to consider in determining whether a reduction is warranted and, if so, the extent of such reduction.[3]  In addition to emphasizing that the court shall consider the factors set forth in 18 U.S.C. § 3553 (a), the *Application Notes*, under the subheading 1.(B)(ii), provide as follows:

> Public Safety Consideration - The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the movant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

---

[3]   Also see U.S.S.G § 1B1.10 (b)(2)(A)(effective March 3, 2008) which provides: In General.- Except as provided in subdivision (B), the court shall not reduce the movant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. Emphasis added.

4

The court is of the opinion that the release of movant earlier than will occur under these original sentences raises a distinct possibility of serious danger to persons in the community to such an extent that a reduction in the movant's term of imprisonment is not warranted.

The presentence report utilized at sentencing contained movant's criminal history.  At the time of sentencing movant acknowledged, while under oath, that he found no factual dispute with matter presented in the presentence report.

Because of the nature of many of movant's convictions which caused his criminal history to be a Category VI, a heightened concern for the need to protect the public from any further crimes certainly justifies imposing a 92 month custodial sentence.[4]  The court notes that movant's criminal history, including the instant charges, includes two drug distribution convictions where a weapon was used, a conviction for an assault where the victim was shot in the leg, and three other convictions involving firearms.

The statutory factors for determining a proper sentence are set out in 18 U.S.C. § 3553(a).  While all of them have to be, and have been considered by the court, the nature of movant's criminal history and the need to protect the public

---

[4]   The court notes that the 92 month sentence falls within both the original Guidelines range of 92-115 months and the amended Guidelines range of 77-96 months.

5

from further crimes are very significant factors, and the 92 month concurrent sentences imposed under Counts One and Three are reasonable sentences and are not greater than necessary to comply with the statutory purposes of sentencing.

The court takes notice that the movant was sentenced before the U.S. Supreme Court's 2005 decision in *United States v. Booker*, 125 S.Ct. 738 (2005), which made the Guidelines advisory, and before *Kimbrough v. United States,* 128 S.Ct. 558 (2007), which refers to the portion of 18 U.S.C. § 3553(a) calling for a "sentence sufficient but not greater than necessary" as "an overarching provision." The court further recognizes the current debate about whether the advisory nature of the Guidelines extends to § 3582 motions.  The court also acknowledges that this hotly debated issue will be soon, if it has not been already, appealed to the Eleventh Circuit Court of Appeals and/or the United States Supreme Court.  In regard to the instant movant, if the *Booker* decision is found to have retroactive application, then an argument could possibly be made that this court could in fact consider a reduction in sentence exceeding the two-level reduction contemplated by the Crack Amendment.[5]  All of the foregoing has been factored into the court's consideration herein expressed.

---

[5]  But see footnote 3, *supra*.

6

The court expressly finds and concludes that public safety considerations require the court to deny the current motion.  Specifically, the court concludes under 18 U.S.C. § 3553(a) and under U.S.S.G. § 1B1.10 that the early release of movant raises a distinct possibility of serious danger to persons in the community to such an extent that a reduction in movant's term of imprisonment is not warranted.

A separate corrected order will be entered denying the motion (doc. #21). Movant's attention is directed to the "Notice Concerning Appeals" set out below.


## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States  v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  If movant was represented by appointed counsel at trial or on appeal, movant is not required to file a new application to proceed *in forma pauperis* on appeal from the ruling on the § 3582(c)(2) motion. If movant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application  to proceed *in*

*forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the ruling on the § 3582(c)(2) motion.  The Clerk is DIRECTED to provide movant with an application to proceed *in forma pauperis* form.

      **DONE** this the   __5th__   day of November, 2008.


                                                  SENIOR UNITED STATES DISTRICT JUDGE